UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL A. PERDUE dba NativeScape Consulting, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RODNEY CORPORATION, a Delaware corporation,<br><br>Defendant. | CASE NO. 13cv2712-GPC(BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RODNEY CORPORATION'S MOTION TO DISMISS PLAINTIFF MITCHELL A. PERDUE'S FIRST AMENDED COMPLAINT**<br><br>(ECF No. 8.) |

## I. INTRODUCTION

Before the Court is defendant Rodney Corporation's ("Defendant") motion to dismiss plaintiff Mitchell A. Perdue's ("Plaintiff") First Amended Complaint (ECF No. 3, "FAC") ("Motion to Dismiss"). (ECF No. 8.) Plaintiff filed an opposition to the Motion to Dismiss, (ECF No. 16), and Defendant filed a reply, (ECF No. 17.) Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. Based on a review of the briefs, supporting documentation, and the applicable law, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion to Dismiss, and **DENIES** Defendant's alternative request for a more definite statement.

## II.  BACKGROUND

Plaintiff is a rangeland manager, professionally registered in the State of California. (FAC ¶ 4.) Defendant, a corporation, operates Rancho Guejito, a 23,000-acre ranch located in Escondido, California, where Plaintiff provided rangeland management services. (FAC ¶¶ 6, 7.)

On January 30, 2006, Plaintiff and Defendant entered into a written contract whereby Plaintiff agreed to perform various services for Defendant: a Range Condition Assessment, a Range Improvement and Stocking Rate Plan, and an Integrated Ranch Management Plan. (FAC ¶ 8.) On August 4, 2006, Plaintiff and Defendant entered into a second written contract whereby Plaintiff agreed to establish permanent monitoring sites, conduct a forage production and nutritional analysis, and conduct plant biodiversity monitoring for Rancho Guejito (the two written contracts together, "Written Contracts"). (FAC ¶ 9.) Plaintiff further alleges "[s]ubsequent to the Written Contracts, Defendant entered into oral modifications of the Written Contracts with Plaintiff for related and additional work which was described in the Written Contracts" ("Oral Modifications"). (FAC ¶ 11.)

Plaintiff alleges full performance under the Written Contracts and Oral Modifications. (FAC ¶ 14.) In November 2011, Plaintiff sent Defendant invoices for the work performed under the Written Contracts and Oral Modifications. (FAC ¶¶ 14-15.) On February 9, 2012, Defendant claimed that it did not owe Plaintiff any money. (FAC ¶ 16.) Plaintiff alleges Defendant breached the Written Contracts and Oral Modifications by refusing to pay Plaintiff. (FAC ¶ 17.) Plaintiff alleges he was damaged "in the sum of a minimum of $94,200, plus additional sums and interest to be proven at trial." (FAC ¶ 18.)

Plaintiff further alleges Defendant became indebted to Plaintiff for $ 94,200 for the work, labor, materials, and services that Plaintiff provided to Defendant. (FAC ¶¶ 20, 22, 24.) Plaintiff alleges he provided the work, labor, materials, and services at Defendant's request and Defendant agreed to pay Plaintiff for the work. (Id.) Plaintiff

alleges no part of the $94,200 has ever been paid and is now due, owing, and unpaid. (FAC ¶¶ 20, 22, 25.)

Plaintiff also alleges he was and still is the lawful owner of a boat that Plaintiff avers was converted by Defendant. (FAC ¶ 27, 29.) On April 1, 2009, Defendant invited Plaintiff to use and keep his boat at Rancho Guejito, which Plaintiff did. (FAC ¶ 28.) On or about February 17, 2012, Defendant refused to return the boat to Plaintiff's possession. (FAC ¶¶ 28-29.) Plaintiff alleges the boat was worth $2,000 at the time and location of the alleged conversion. (FAC ¶ 30.)

Plaintiff originally filed this action on November 12, 2013. (ECF No. 1.) On November 22, 2013, Plaintiff amended his original complaint with the operative FAC. (ECF No. 3.) The FAC alleges five claims: (1) breach of contract; (2) quantum meruit; (3) account stated; (4) open book account; and (5) conversion. (Id.) On December 26, 2013, Defendant filed a Motion to Dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 8.) The Court twice granted the Parties' joint motions to extend the briefing schedule on Defendant's Motion to Dismiss. (ECF No. 10, 11, 12, 13.) On March 14, 2014, Plaintiff filed an opposition to the Motion to Dismiss. (ECF No. 16.) On April 4, 2014, Defendant filed a reply. (ECF No. 17.) Defendant now moves to dismiss all five claims or, in the alternative, for a more definite statement.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff

need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## IV. DISCUSSION

**A.     Judicial Notice**

Defendant filed a request for judicial notice in support of its Motion to Dismiss. (ECF No. 8-2.) Plaintiff filed an opposition to Defendant's request, (ECF No. 16-1), and Defendant filed a reply, (ECF No. 17-1.) Plaintiff also filed a request for judicial notice in support of his opposition to Defendant's Motion to Dismiss. (ECF No. 16-2.) Defendant filed an objection to Plaintiff's request. (ECF No. 17-2.)

/ / /

Generally, on a motion to dismiss, courts limit review to the contents of the complaint and may only consider extrinsic evidence that is properly presented to the court as part of the complaint. See Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001) (court may consider documents physically attached to the complaint or documents necessarily relied on by the complaint if their authenticity is not contested). However, a court may take notice of undisputed "matters of public record" subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. Id. (citing Fed. R. Evid. 201; MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)). Under Federal Rule of Evidence 201, a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); see also Lee, 250 F.3d at 689.

Defendant seeks judicial notice of ten documents in support of Defendant's Motion to Dismiss: (1) the Parties' first written contract; (2) the Parties' second written contract; (3) deposition excerpts; (4) Superior Court order; (5) Court of Appeal decision; (6) Plaintiff's August 20, 2006 invoice; (7) Defendant's payment for first written contract; (8) Plaintiff's September 12, 2011 invoice; (9) Defendant's version of the November 22, 2011 invoice; and (10) Appellant's Brief. (ECF No. 8-2.)

Plaintiff, in turn, seeks judicial notice of four documents in support of his opposition to Defendant's Motion to Dismiss: (1) California Superior Court form contract complaint; (2) the Parties' first written contract; (3) the Parties' second written contract; and (4) Plaintiff's version of the November 22, 2011 invoice. (ECF No. 16-2.)

**1. Unopposed Documents**

The parties do not oppose judicial notice of the Parties' first written contract and the Parties' second written contract, although Defendant's version of the second written contract includes a cover letter that Plaintiff's version does not. (ECF No. 16-1 at 2; ECF No. 17-2 at 2.) Further, Defendant does not oppose Plaintiff's request for judicial

Generally, on a motion to dismiss, courts limit review to the contents of the complaint and may only consider extrinsic evidence that is properly presented to the court as part of the complaint. See Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001) (court may consider documents physically attached to the complaint or documents necessarily relied on by the complaint if their authenticity is not contested). However, a court may take notice of undisputed "matters of public record" subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. Id. (citing Fed. R. Evid. 201; MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)). Under Federal Rule of Evidence 201, a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); see also Lee, 250 F.3d at 689.

Defendant seeks judicial notice of ten documents in support of Defendant's Motion to Dismiss: (1) the Parties' first written contract; (2) the Parties' second written contract; (3) deposition excerpts; (4) Superior Court order; (5) Court of Appeal decision; (6) Plaintiff's August 20, 2006 invoice; (7) Defendant's payment for first written contract; (8) Plaintiff's September 12, 2011 invoice; (9) Defendant's version of the November 22, 2011 invoice; and (10) Appellant's Brief. (ECF No. 8-2.)

Plaintiff, in turn, seeks judicial notice of four documents in support of his opposition to Defendant's Motion to Dismiss: (1) California Superior Court form contract complaint; (2) the Parties' first written contract; (3) the Parties' second written contract; and (4) Plaintiff's version of the November 22, 2011 invoice. (ECF No. 16-2.)

**1. Unopposed Documents**

The parties do not oppose judicial notice of the Parties' first written contract and the Parties' second written contract, although Defendant's version of the second written contract includes a cover letter that Plaintiff's version does not. (ECF No. 16-1 at 2; ECF No. 17-2 at 2.) Further, Defendant does not oppose Plaintiff's request for judicial

notice of Plaintiff's version of the November 22, 2011 invoice. (ECF No. 17-2 at 3.) However, Defendant notes that there are "at least three different versions" of invoices dated November 22, 2011, and asserts that if the Court is to "take[] judicial notice of any invoice, it should take notice of all the relevant invoices, not just the one later invoice that Plaintiff most favors." (Id. at 3.)

Under the "incorporation by reference" doctrine, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 n.4 (9th Cir.1996) (quoting Fecht v. The Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir.1995)) (internal quotations omitted).

Plaintiff explicitly alleges the contents of the first written contract and the second written contract in paragraphs 8 and 9 of his FAC. Although these documents were not attached to the FAC, because the parties present the same documents, the Court may properly consider the documents in its ruling on Defendant's Motion to Dismiss. See In re Stac Elecs., 89 F.3d at 1405 n.4. Accordingly, the Court will hereby judicially notice the facts contained in the first written contract and the second written contract in consideration of Defendant's Motion to Dismiss.[1]

**2. Opposed Documents**

The Court declines to judicially notice the facts contained in the following documents: (1) deposition excerpts; (2) Superior Court order; (3) Court of Appeal decision; (4) August 20, 2006 invoice; (5) payment for first written contract; (6) September 12, 2011 invoice; (7) Defendant's/Plaintiff's November 22, 2011 invoices; (8) Appellant's Brief; and (9) California Superior Court form contract complaint.

/ / /

---

[1] Although Defendant does not object to Plaintiff's November 22, 2011 invoice, the Court will incorporate its discussion of Plaintiff's November 22, 2011 invoice with its discussion of the other version of the same invoice due to Defendant's argument that if one version's facts are judicially noticed, then all versions' facts should be. (ECF No. 17-2 at 3.)

          **a.**     **Deposition Excerpts; Superior Court Order; Court of Appeal Decision; and Appellant's Brief**

Although a court may take judicial notice of "matters of public record" under Federal Rule of Evidence 201, "a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" Lee, 250 F.3d at 689 (citing Fed. R. Evid. 201(b)). Thus, a court has authority to take judicial notice that certain proceedings occurred, but a court may not take "judicial notice of disputed facts stated in public records." Id. at 689-90. In Lee, the Ninth Circuit held that the district court erred by relying on disputed facts judicially noticed in public records in dismissing plaintiffs' claims at the pleading stage. Id. Here, Defendant relies on the deposition excerpts; the Superior Court order; the Court of Appeal decision; and the Appellant's Brief for the truth of the facts recited within the documents in multiple arguments in its Motion to Dismiss. (E.g., ECF No. 8-1 at 20-21; 22-23; 29.) Plaintiff disputes the facts contained in these documents. (ECF No. 16-1 at 2-3.) Therefore, the Court declines to judicially notice the facts contained in these documents at this stage of the litigation.

          **b.**     **Defendant's/Plaintiff's November 22, 2011 Invoice**

The invoices dated November 22, 2011 are not judicially noticeable under the "incorporation by reference" doctrine, notwithstanding Plaintiff's direct reference to November 2011 invoices in paragraph 15 of the FAC, because their authenticity is disputed. See In re Stac Elecs., 89 F.3d at 1405 n.4. Plaintiff directly questions the authenticity of Defendant's version of the document. (ECF No. 16-1 at 5.) Further, because Plaintiff originally avers that "[i]n November 2011, [Plaintiff] sent Defendant *invoices* for the work he performed under the Contracts," (FAC ¶ 15) (emphasis added), the Court declines to determine which of these invoices' facts should be judicially noticed when it is clear that more than one version of the invoice exists. The present motion is not the proper stage for such determinations. See Lee, 250 F.3d at 688-89.

/ / /

/ / /

### c. August 20, 2006 Invoice; Payment for First Written Contract; and September 12, 2011 Invoice

The August 20, 2006 invoice; the payment for the first written contract; and the September 12, 2011 invoice are not judicially noticeable under the "incorporation by reference" doctrine because Plaintiff has not alleged their contents in the FAC nor has he relied on them as necessary to his FAC. See In re Stac Elecs., 89 F.3d at 1405 n.4. The Court notes Defendant's contention that the Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." (ECF No. 8-2 at 4) (citing Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)). However, here, Plaintiff has explicitly disputed the authenticity of the documents. (ECF No. 16-1 at 4-5.) Therefore, the Court declines to judicially notice the facts of the August 20, 2006 invoice; the payment for the first written contract; and the September 12, 2011 invoice.

### d. California Superior Court Form Contract Complaint

The Court agrees with Defendant that the California Superior Court form contract complaint does not contain facts proper for judicial notice because the document is not relevant to the present motion. (ECF No. 17-2 at 2.) "[A]s with evidence generally, the document to be judicially noticed must be relevant to the issues in the case." Wham-O, Inc. v. Manley Toys, Ltd., CV 08-07830 CBM SSX, 2009 WL 6361387, at *5 (C.D. Cal. Aug. 13, 2009); See Fed. R. Evid. 402. Accordingly, the Court declines to judicially notice the facts in the California Superior Court form contract complaint.

**B. Motion to Dismiss**

    **1. Breach of Contract**

Defendant moves to dismiss Plaintiff's breach of contract claim on the grounds

that the claim: (1) is time-barred; (2) fails to state a claim upon which relief can be granted; and (3) is based on the Oral Modifications that are void under the statute of frauds.[2]

### a. Statute of Limitations

Defendant moves to dismiss Plaintiff's breach of contract claim on the ground that the claim is time-barred. The parties dispute which statute of limitations should apply to this case as well as when the statute of limitations began to run on Plaintiff's claim.

The Ninth Circuit has held that "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)).

### (1) Oral or Written Contract

According to Defendant, Plaintiff failed to file suit within the two-year statute of limitations for oral contracts under California Civil Procedure Code section 339(1). (ECF No. 8-1 at 23.) Plaintiff argues his breach of contract claim is not time-barred "whether a 2-year (oral or implied contract) or 4-year (written contract) statute of limitations" is applied. (Id.) However, Plaintiff asserts "the principal case cited by [Defendant] would actually support application of a 4-year statue of limitations," (id. at 14 n.6) (citing E.O.C. Ord, Inc. v. Kovakovich, 200 Cal. App. 3d 1194 (1988)), noting Plaintiff's breach of contract claim is based on "related and additional work which was described in the Written Contracts." (Id.) (citing FAC ¶ 11).

The Court finds that the two-year statute of limitations for oral contracts, Cal. Civ. Proc. Code § 339(1), applies to Plaintiff's breach of contract claim. Plaintiff's reliance on Kovakovich is misplaced. The Kovakovich court held that the four-year

---

[2] Because the Court grants Defendant's Motion to Dismiss Plaintiff's breach of contract claim for failure to state a claim, the Court declines to address Defendant's statute of frauds argument.

statute of limitations for written contracts, Cal. Civ. Proc. Code § 337(1), applied to a breach of contract claim where a letter contained all of the terms of the contract and the terms laid out in the letter were accepted orally over the phone. Kovakovich, 200 Cal. App. 3d at 1202. The court noted that "the writing must contain the terms of the contract" in order for "an action to be founded on an underlying written instrument" and the writing "cannot be only remotely or indirectly connected with the transaction." Id. at 1199.

Here, Plaintiff asserts Defendant breached by failing to pay for Plaintiff's "related and additional work which was described in the Written Contracts." (ECF No. 16 at 14 n.6) (citing FAC ¶ 11). The Oral Modifications are unlike the oral acceptance of contract terms in Kovakovich. The written instruments that Plaintiff bases his claim on contain express terms regarding dates of delivery for Plaintiff's performance and the duration of his performance. (ECF No. 8-2 at 14, 18). The Written Contracts do not directly contain the terms of Plaintiff's continued performance without further agreement. (Id. at 13-15, 17-21.) The Oral Modifications, as alleged by Plaintiff, are not equivalent to the oral acceptance of directly related written terms, and therefore Plaintiff's action is not founded on an underlying written instrument for the purposes of the statute of limitations. See Kovakovich, 200 Cal. App. 3d at 1199. Therefore, the Court will apply the two-year statute of limitations to Plaintiff's breach of contract claim.

### (2)   Accrual Date

Defendant asserts Plaintiff's claim accrued no later than July 2011, when Plaintiff's services under the Oral Modifications were terminated. (Id. at 24.) In response, Plaintiff asserts the breach of contract claim did not accrue until February 9, 2012, when "Ms. Coates refused to pay and breached the contract." (ECF No. 16 at 14.) In reply, Defendant postulates that even if Plaintiff's claim accrued when Plaintiff demanded payment as Plaintiff argues, Plaintiff's claim would still be time-barred. (Id. at 9-10.) Defendant asserts Plaintiff first invoiced Defendant on September 12, 2011,

with payment due on October 12, 2011, and therefore argues that the two-year statute of limitations bars Plaintiff's claim even if Plaintiff's interpretation of the accrual date is used. (Id. at 10.)

In general, the statute of limitations for a breach of contract claim commences on the date of breach. Niles v. Louis H. Rapoport & Sons, 53 Cal. App. 2d 644, 651 (1942) (citing Baker v. Joseph, 16 Cal. 173, 177 (1860)). Defendant asserts that Plaintiff's claim accrued when Plaintiff's services under the Oral Modifications were terminated, (ECF No 8-1 at 24), while Plaintiff argues that the claim accrued when Defendant refused to pay Plaintiff. (ECF No. 16 at 14.) The Court need not determine which accrual date applies at this stage of the proceedings.

Regardless of whether the Court applies Defendant's or Plaintiff's accrual date, the Court cannot dismiss Plaintiff's claim as time-barred because the running of the statute of limitations is not "apparent on the face of the complaint." Von Saher, 592 F.3d at 969. If the Court applies Defendant's accrual date, although the parties agree in their respective briefing that Plaintiff's performance was complete as of July 2011, (ECF No. 16 at 13; ECF No. 17 at 9), because Plaintiff did not allege this date on the face of the FAC, the Court cannot dismiss Plaintiff's claim as time-barred. See Von Saher, 592 F.3d at 969. If the Court applies Plaintiff's accrual date, because the payment due date is a disputed fact, Plaintiff's claim cannot be properly dismissed at this stage. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's breach of contract claim as time-barred.

### b. Failure to State a Claim

Defendant also moves to dismiss Plaintiff's breach of contract claim on the ground that Plaintiff failed to allege: (1) the terms of the Oral Modifications, (ECF No. 8-1 at 19) (citing Gautier v. Gen. Tel. Co., 234 Cal. App. 2d 302, 305 (1965)); (2) new consideration for the Oral Modifications, (id. at 20); and (3) mutual consent of the parties in the oral modification. (Id. at 20-21.) Defendant further asserts "Plaintiff has not alleged sufficient facts to establish an oral contract modification under California

law," (ECF No. 17 at 7), and therefore has failed "to give fair notice and to enable [Defendant] to defend itself effectively." (Id. at 6) (citing Gerbery v. Wells Fargo Bank, N.A., No. 13-CV-614-MMA DHB, 2013 WL 3946065, at *3 (S.D. Cal. July 31, 2013)). Defendant notes "Plaintiff fails to plead facts regarding who on behalf of Defendant agreed to an 'oral modification,' the terms of the allegedly modified contract, the date(s) of any oral modification(s) and/or breach(es), the consideration for the 'oral modification,' the dates of performance, how long the new 'contract' was intended to last, or even how many 'oral modifications' are claimed." (Id. at 7.)

In response, Plaintiff asserts he sufficiently pled the breach of contract claim by alleging he "entered into an agreement with [Defendant] to perform work, performed that work, made a demand for payment, and was not paid." (ECF No. 16 at 7) (citing FAC ¶¶ 7-18). Plaintiff further asserts the Oral Modifications were "related and additional work which was described in the Written Contracts." (Id. at 8) (citing FAC ¶ 11). Plaintiff asserts the FAC "expressly alleges that [Plaintiff] sent invoices in November 2011 to [Defendant] for payment for that related and additional work." (Id.) (citing FAC ¶ 15). In response to Defendant's claim that Plaintiff failed to allege new consideration, Plaintiff asserts "Defendant agreed to the sums for the additional work to be done at Rancho Guejito by Plaintiff." (Id. at 9) (citing FAC ¶ 12). In response to Defendant's assertion that Plaintiff failed to allege mutual consent, Plaintiff asserts "[Defendant] agreed to modify the contracts, to pay for that work, and that [Plaintiff] performed the work." (Id. at 11) (citing FAC ¶¶ 10-12, 14).

Under California law, a claim for breach of contract "must include facts demonstrating (1) that a contract exists between the parties; (2) that the plaintiff performed his contractual duties or was excused from nonperformance; (3) that the defendant breached those contractual duties; and (4) that plaintiff's damages were a result of the breach." Walters v. Fid. Mortg. of California, 730 F. Supp. 2d 1185, 1199 (E.D. Cal. 2010) (citing Reichert v. Gen. Ins. Co. of Am., 68 Cal. 2d 822, 830 (1968); First Commercial Mortg. Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001)). In Gautier,

the plaintiffs' allegations did not set out the actual terms of the contract, either *in haec verba* or in legal effect, for a breach of contract claim. Gautier, 234 Cal. App. 2d at 305. The Gautier court found that, whether the contract was written or oral, "the law nonetheless requires that there be an allegation of such verbal agreement by setting forth the substance of its relative terms." Id. Because the plaintiffs failed to comply with this requirement, the pleading failed to state facts that constituted the defendant's breach, and therefore the court dismissed the claim. See id.

Here, Plaintiff asserts he entered into an agreement with Defendant to perform work, performed that work, made a demand for payment, and was not paid. (FAC ¶¶ 7-18.) The Court finds that Plaintiff has failed to plead facts that demonstrate the relative terms of the Oral Modifications and therefore has failed to plead Defendant's breach to the requisite level of plausibility. See Iqbal, 556 U.S. at 678. The FAC is silent as to the time period over which Defendant expected Plaintiff's work to continue beyond the terms in the Written Contracts and the amount Defendant was to pay Plaintiff for the additional work. Plaintiff cannot rely on the terms in Written Contracts alone because the breach of contract claim applies to terms that are not solely found in the Written Contracts. (ECF No. 16 at 13.) The Court agrees with Defendant that Plaintiff has failed to allege facts that establish in what respect Defendant's failure to pay constituted a breach because Plaintiff has not pled any substance of the Oral Modifications. See Gautier, 234 Cal. App. 2d at 305. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's breach of contract claim.

**2.     Common Counts**

Defendant moves to dismiss Plaintiff's common count claims for quantum meruit, accounts stated, and open book account on the ground that, because Plaintiff has failed to state a claim for breach of contract, the common count claims should be dismissed as derivative claims. (ECF No. 8-1 at 26). In response, Plaintiff asserts that the common count claims are sufficient because he has sufficiently stated a claim for breach of contract. (ECF No. 16 at 12.)

Under California law, "[a] common count is not a specific cause of action, however; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness." McBride v. Boughton, 123 Cal. App. 4th 379, 394 (2004). The elements of a claim for common counts are: (1) the statement of indebtedness in a certain sum; (2) the consideration; and (3) nonpayment. Farmers Ins. Exch. v. Zerin, 53 Cal. App. 4th 445, 459 (1997). "A cause of action for money had and received is stated if it is alleged the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff." Id. (citing Schultz v. Harney, 27 Cal. App. 4th 1611, 1623 (1994)) (internal quotations omitted). "California courts [have] held that when a common count is used as an alternative claim seeking the same recovery demanded in a specific cause of action based on the same facts, the common count may be dismissed if the cause of action is dismissed." In re Apple In-App Purchase Litig., 855 F. Supp. 2d 1030, 1042 (N.D. Cal. 2012) (citing McBride, 123 Cal. App. 4th at 394-95).

Here, Plaintiff alleges Defendant became "indebted to Plaintiff" for $94,200, the same amount as Plaintiff alleged he was damaged in the breach of contract claim; "no part of that sum has been paid"; and the sum "is now due, owing and unpaid from Defendant to Plaintiff." (FAC ¶¶ 20, 22, 24-25.) As in In re Apple, Plaintiff seeks the same recovery for the common counts claims as he does for his breach of contract claim, which are based on the same facts. Because the Court dismisses Plaintiff's breach of contract claim, it also dismisses Plaintiff's common counts claims. See In re Apple, 855 F. Supp. 2d at 1042. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's claims for quantum meruit, accounts stated, and open book account.

### 3. Conversion

Defendant moves to dismiss Plaintiff's conversion claim on the ground that Plaintiff has failed to allege that Defendant (1) willfully or intentionally converted any property in order to (2) exercise ownership or dominion over such property. (ECF No.

8-1 at 29.) In response, Plaintiff asserts that his allegation that Defendant "refused to return the boat to Plaintiff's possession and converted the same to its own use" is sufficient to state a claim for conversion. (ECF No. 16 at 15) (citing FAC ¶ 29). In reply, Defendant asserts that "there is no conversion if redelivery is impossible because the goods have been lost, and conversion requires a hostile act of dominion and control." (ECF No. 17 at 6 n.1.)

To establish conversion under California law, a plaintiff must show: (1) his ownership of or right to possess property at time of conversion; (2) that defendant disposed of plaintiff's property rights or converted property by wrongful act; and (3) damages. Bank of New York v. Fremont General Corp., 523 F.3d 902 (9th Cir. 2008); PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 395 (2007). In cases where a defendant's possession of property was originally lawful, "a prima facie case is made out by proof of the bailment and subsequent refusal of the bailee to make delivery on demand." George v. Bekins Van & Storage Co., 33 Cal. 2d 834, 837 (1949). "[T]he bailee . . . then has the burden of proving his affirmative defense that it is impossible to return the property because it is lost or destroyed . . . ." Chatterton v. Boone, 81 Cal. App. 2d 943, 945-46 (1947) (citing Wilson v. Crown Transfer & Storage Co., 201 Cal. 701, 706 (1927); Vagim v. Haslett Warehouse Co., 131 Cal. App. 197, 201 (1933)).

First, by alleging that "[a]t all times, herein mentioned, Plaintiff was and still is the lawful owner of the following personal property, namely, a boat," (FAC ¶ 27), Plaintiff has adequately alleged the first element of ownership. See Franklin v. Mun. Court, 26 Cal. App. 3d 884, 902 (1972). Further, by alleging that "[o]n April 1, 2009, Defendant invited Plaintiff to use and keep his boat at Rancho Guejito, which plaintiff did," and that "[o]n or about February 17, 2012, Defendant refused to return the boat to Plaintiff's possession and converted the same to its own use," (FAC ¶¶ 28-29), Plaintiff has sufficiently pled the second element of an act of conversion. See George, 33 Cal. 2d at 837. Although Defendant is correct that evidence showing impossibility

1  of redelivery can refute a conversion claim, it is not the plaintiff's burden to anticipate
2  this defense and to plead facts to refute such a defense in order to state a prima facie
3  claim for conversion. See Chatterton, 81 Cal. App. 2d at 945. Lastly, by alleging that
4  "[o]n or about February 17, 2012, at Escondido, California, the above-mentioned
5  property had a value of $2,000," (FAC ¶ 30), Plaintiff has adequately alleged the
6  damages element. See Franklin, 26 Cal. App. 3d at 902. The Court finds that Plaintiff
7  has sufficiently alleged each of the elements of a claim for conversion and, therefore,
8  **DENIES** Defendant's Motion to Dismiss Plaintiff's conversion claim.

### C.   Request for a More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). "A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her." San Bernardino Pub. Employees Ass'n v. Stout, 946 F. Supp. 790, 804 (C.D. Cal. 1996). A motion for a more definite statement should be denied "where the information sought by the moving party is available and/or properly sought through discovery." Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981).

Defendant seeks a more definite statement as to all of Plaintiff's claims on the ground that Defendant's response to the FAC is hindered because of the FAC's "vagueness or ambiguity." (ECF No. 8-1 at 29-30.) In response, Plaintiff opposes Defendant's request on the ground that "[Defendant] has fair notice of [Plaintiff]'s claims, and a more definite statement is not required." (ECF No. 16 at 16) (citing Fed. R. Civ. P. 8(a)).

As the Court has found that Plaintiff has adequately stated a claim for

1 conversion, the Court finds that Plaintiff's conversion allegations are "specific enough
2 to apprise [D]efendant of the substance of the claim asserted against [it]." Stout, 946
3 F. Supp. at 804. Accordingly, the Court **DENIES** Defendant's alternative request for
4 a more definite statement as to Plaintiff's remaining conversion claim and **DENIES** as
5 moot Defendant's request as to Plaintiff's breach of contract claim and common count
6 claims.

7 **D.    Leave to Amend**

8 Finally, Plaintiff has requested leave to amend the FAC should the Court grant
9 dismissal on any basis. (ECF No. 16 at 17.) Where a motion to dismiss is granted,
10 "leave to amend should be granted 'unless the court determines that the allegation of
11 other facts consistent with the challenged pleading could not possibly cure the
12 deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992)
13 (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th
14 Cir. 1986)). Finding Plaintiff's pleading defects curable, the Court grants Plaintiff
15 leave to amend the FAC.

16 **V.  CONCLUSION AND ORDER**

17 Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's Motion
18 to Dismiss is **GRANTED** as to Plaintiff's breach of contract claim and common count
19 claims and **DENIED** as to Plaintiff's conversion claim; Defendant's alternative request
20 for a more definite statement is **DENIED**; and Plaintiff shall have twenty-one (21) days
21 to file an amended complaint.

22 **IT IS SO ORDERED.**
23 DATED: July 25, 2014

HON. GONZALO P. CURIEL
United States District Judge