1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

MITCHELL A. PERDUE dba
NativeScape Consulting, an
individual,

12

Plaintiff,

13

v.

14
15
16

RODNEY CORPORATION, a
Delaware corporation,

17

Defendant.

18

CASE NO. 13cv2712-GPC(BGS)

**ORDER:**

**(1) DENYING DEFENDANT
RODNEY CORPORATION'S
MOTION TO DISMISS PLAINTIFF
MITCHELL A. PERDUE'S
SECOND AMENDED
COMPLAINT;**

**(2) VACATING HEARING DATE**

[Dkt. No. 23.]

19
20

## I.  INTRODUCTION

21

Before the Court is defendant Rodney Corporation's ("Defendant") motion to

22

dismiss plaintiff Mitchell A. Perdue's ("Plaintiff") Second Amended Complaint. (Dkt.

23

No. 23.)  The Parties have fully briefed the motion.  Pursuant to Civil Local Rule

24

7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument.

25

Based on a review of the briefs, supporting documentation, and the applicable law, the

26

Court **DENIES** Defendant's motion to dismiss.

27

## II.  PROCEDURAL HISTORY

28

Plaintiff originally filed this action on November 12, 2013.  (Dkt. No. 1.)  On

November 22, 2013, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. No. 3.) The FAC alleged five claims: (1) breach of contract; (2) quantum meruit; (3) account stated; (4) open book account; and (5) conversion. (*Id*.) Defendant filed a motion to dismiss the FAC, which Plaintiff opposed. (Dkt. Nos. 8, 16.) The Parties also each filed requests for judicial notice. (Dkt. Nos. 8-2, 16-2.) On July 25, 2014, the Court granted in part and denied in part Defendant's motion to dismiss, granted in part and denied in part the requests for judicial notice, and granted Plaintiff leave to amend his complaint. (Dkt. No. 19.)

On August 15, 2014, Plaintiff filed the operative Second Amended Complaint ("SAC"). (Dkt. No. 22.) He again alleged the same five claims: (1) breach of contract; (2) quantum meruit; (3) account stated; (4) open book account; and (5) conversion. (*Id*.) On September 4, 2014, Defendant filed a motion to dismiss the SAC, as well as a request for judicial notice. (Dkt. Nos. 23, 23-2.) On October 10, 2014, Plaintiff opposed the motion to dismiss and the request for judicial notice. (Dkt. Nos. 26, 26-1.) On October 24, 2014, Defendant replied. (Dkt. No. 27.)

### III. BACKGROUND

Plaintiff is a rangeland manager, professionally registered in the State of California. (SAC ¶ 4.) Defendant, a corporation, operates Rancho Guejito, a 23,000-acre ranch located in Escondido, California, where Plaintiff provided rangeland management services. (*Id*. ¶¶ 5, 7.)

On January 30, 2006, Plaintiff and Defendant entered into a written contract whereby Plaintiff agreed to perform various services for Defendant: a Range Condition Assessment, a Range Improvement and Stocking Rate Plan, and an Integrated Ranch Management Plan ("Contract 1"). (*Id*. ¶ 8.) On August 14, 2006, Plaintiff and Defendant entered into a second written contract whereby Plaintiff agreed to establish permanent monitoring sites, conduct a forage production and nutritional analysis, and conduct plant biodiversity monitoring for Rancho Guejito ("Contract 2," collectively with Contract 1, the "Written Contracts"). (*Id*. ¶ 12.)

13cv2712-GPC(BGS)

Plaintiff further alleges that in or about February 2007, Plaintiff and Defendant orally agreed to extend the monitoring program under Contract 2 for four more years and to expand the scope of work to have Plaintiff perform assessments of range nutrition and protein.  (*Id.* ¶ 14.)  Thereafter, approximately six additional times, Defendant and Plaintiff orally agreed to expand Plaintiff's scope of work (collectively, the "Oral Modifications").  (*Id.* ¶¶ 15-16, 19, 20, 22, 26.)  In each instance, Defendant agreed to pay Plaintiff on a time and materials basis, with the same hourly rate as for the work performed under Contract 2.  (*Id.* ¶¶ 14-15.)

Over the next several years, Defendant had "full knowledge and concurrence" of Plaintiff's rangeland monitoring, and accepted Plaintiff's reports.  (*Id.* ¶¶ 16-19, 23-25, 27.)  From time to time between 2008 and 2011, Plaintiff and Rancho Guejito Ranch Manager Robert Finck discussed Plaintiff's invoicing for Plaintiff's work performed under the Written Contracts and Oral Modifications, and Finck assured Plaintiff that he would be paid after submitting invoices.  (*Id.* ¶ 28.)  Plaintiff alleges full performance under the Written Contracts and Oral Modifications.  (*Id.* ¶ 30.)

On or about July 7, 2011, Hank Rupp, on behalf of Defendant, directed Plaintiff to stop work and to submit invoices for all work performed for Defendant.  (*Id.* ¶ 31.)

In or about November 2011, Plaintiff sent Defendant invoices for the work performed under the Written Contracts and Oral Modifications.  (*Id.* ¶ 32.)  On February 9, 2012, Defendant claimed for the first time that it did not owe Plaintiff any money. (*Id.* ¶ 33.) Plaintiff alleges Defendant breached the Written Contracts and Oral Modifications by refusing to pay Plaintiff.  (*Id.*)  Plaintiff alleges he was damaged "in the sum of a minimum of $94,200, plus additional sums and interest to be proven at trial." (*Id.* ¶ 34.)

Plaintiff further alleges Defendant became indebted to Plaintiff for $ 94,200 for the work, labor, materials, and services that Plaintiff provided to Defendant. (*Id.* ¶¶ 36, 38, 40.)  Plaintiff alleges he provided the work, labor, materials, and services at Defendant's request and Defendant agreed to pay Plaintiff for the work. (*Id.*)  Plaintiff

alleges no part of the $94,200 has ever been paid and is now due, owing, and unpaid. (*Id.* ¶¶ 36, 38, 41.)

Plaintiff also alleges he was and still is the lawful owner of a boat that Plaintiff avers was converted by Defendant. (*Id.* ¶¶ 43, 45.)  On April 1, 2009, Defendant invited Plaintiff to use and keep his boat at Rancho Guejito, which Plaintiff did. (*Id.* ¶ 44.)  On or about February 17, 2012, Defendant refused to return the boat to Plaintiff's possession. (*Id.* ¶ 45.)  Plaintiff alleges the boat was worth $2,000 at the time and location of the alleged conversion. (*Id.* ¶ 46.)

## IV.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory.  *Robertson*, 749 F.2d at 534.  While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  "Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## V. DISCUSSION

### A.   Judicial Notice

Defendant filed a request for judicial notice in support of its motion to dismiss the SAC. (Dkt. No. 23-2.) Plaintiff filed an opposition to Defendant's request, (Dkt. No. 26-1), and Defendant filed a reply, (ECF No. 27-1.)

Generally, on a motion to dismiss, courts limit review to the contents of the complaint and may only consider extrinsic evidence that is properly presented to the court as part of the complaint. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). However, there are two exceptions. First, a court may consider documents physically attached to the complaint or documents necessarily relied on by the complaint if their authenticity is not contested. *Id.* Second, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record," but not of facts that may be "subject to reasonable dispute." *Id.* at 689.

Defendant seeks judicial notice of six documents in support of its motion to dismiss the SAC: (1) the Parties' first written contract; (2) the Parties' second written contract; (3) a July 7, 2011 letter from Defendant to Plaintiff; (4) a September 12, 2011 invoice; (5) a November 22, 2011 revised invoice; and (6) a November 22, 2011 further revised invoice. (Dkt. No. 23-2.)

///

### 1.     Written Contracts

In connection with the dismissal of Plaintiff's FAC, the Court granted both Parties' requests for judicial notice of the Written Contracts.  (Dkt. No 19 at 5-6.)[1]  The Court relied on the "incorporation by reference" doctrine, under which "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (citation and internal quotation marks omitted).

In connection with their motion to dismiss the SAC, Defendant again requests that the Court consider the Written Contracts under the incorporation by reference doctrine.  (Dkt. No. 23-2 at 4-5.)  However, Plaintiff now objects to taking judicial notice of both Written Contracts because "[w]hile a written contract is referenced in the SAC, this document is not authenticated."  (Dkt. No. 26-1 at 3.)

Plaintiff explicitly alleges the contents of the Written Contracts in paragraphs 8 and 12 of his SAC.  (Dkt. No. 22.)  While Plaintiff objects that the Written Contracts are "not authenticated," he previously sought judicial notice of these same documents and states no reason for now disputing their authenticity.  (Dkt. No. 16-2 at 2.)

Accordingly, the Court will hereby judicially notice the facts contained in the Written Contracts in consideration of Defendant's motion to dismiss.

### 2.     July 7, 2011 Letter

Defendant also asks that the Court take judicial notice of a letter from Defendant to Plaintiff, dated July 7, 2011, under the incorporation by reference doctrine.  (Dkt. No. 23-2 at 6.)  The letter is from "Hank Rupp" and states that Plaintiff's "services are no longer required" by Defendant.  (Dkt. No. 23-2 at 19.)

Defendant contends that this document is referenced in the SAC because it alleges that "On or about July 7, 2011, Hank Rupp, on behalf of Defendant, directed

---

[1]Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  Plaintiff to stop work and to submit invoices for all work performed for Defendant."
2  (SAC ¶ 31.)  Plaintiff objects to judicial notice of the July 7, 2011 letter, stating that
3  "[t]his document is not referenced in the SAC at Paragraph 31, as Defendant alleges,
4  or elsewhere in the SAC.  This document is not authenticated, has not been shown to
5  be a part of any public record subject to judicial notice, and does not constitute any
6  admission by [Plaintiff]."  (Dkt. No. 26-1 at 3.)

7      While the SAC alleges that Defendant directed Plaintiff to stop work on July 7,
8  2011, it does not reference any letter from Defendant.  (SAC ¶ 31.)  Moreover, even if
9  the July 7, 2011 letter is sufficiently referenced in the SAC, judicial notice is not proper
10  because Plaintiff explicitly disputes the authenticity of the document.  *See In re Stac*
11  *Elecs.*, 89 F.3d at 1405 n.4.  Accordingly, the Court declines to take judicial notice of
12  the July 7, 2011 letter.

13      **3.    2011 Invoices**

14      Finally, Defendant requests that the Court consider three invoices from 2011
15  under the incorporation by reference doctrine.  (Dkt. No. 23-2 at 5-6.)  Specifically,
16  Defendant seeks judicial notice of a September 12, 2011 invoice, a November 22, 2011
17  revised invoice, and a November 22, 2011 further revised invoice.

18      Plaintiff objects to judicial notice of these documents, claiming that the
19  September 12, 2011 invoice and November 22, 2011 revised invoice are not referenced
20  in any allegation in the SAC, and that none of the three invoices have been
21  authenticated, have been shown to be part of any public record subject to judicial
22  notice, or constitute any admission by Plaintiff.  (Dkt. No. 26-1 at 3-4.)  For all three
23  invoices, Plaintiff further states that "because it is clear that more than one version of
24  the invoice exists, the Court should continue to decline to determine which of these
25  invoices' facts should be judicially noticed at this stage of the proceedings."  (*Id.*)

26      The Court previously declined to take judicial notice of the invoices because
27  Plaintiff disputed the authenticity of the documents, Plaintiff had not alleged the
28  contents of the September 12, 2011 invoice in the FAC, and it was clear that more than

1   one version of the November 22, 2011 invoice existed.   (Dkt. No. 19 at 7-8.)

2   Nonetheless, Defendant contends that the Court should take judicial notice of the three

3   invoices because Plaintiff's amended allegations in his SAC, such as that he sent

4   invoices "on *or about* November 2011" now include the September 12, 2011 invoice,

5   and because the invoices are "integral" to Plaintiff's claims.   (Dkt. No. 23-2 at 5-6

6   (citing SAC ¶ 32 (emphasis added).)

7        Even if the three invoices are sufficiently referenced in the SAC, judicial notice

8   is not proper because Plaintiff explicitly disputes the authenticity of the documents.

9   *See In re Stac Elecs.*, 89 F.3d at 1405 n.4.   Moreover, as the Court noted in its previous

10  order, it appears that multiple versions of the invoices exist, and the present motion is

11  not the proper stage for such determinations.   Accordingly, the Court declines to take

12  judicial notice of the three 2011 invoices.

13  **B.    Motion to Dismiss**

14       Defendant moves to dismiss Plaintiff's breach of contract claim and common

15  count claims of quantum merit, accounts stated, and open book account.   Defendant

16  does not move to dismiss Plaintiff's conversion claim.

17       **1.    Breach of Contract**

18       Defendant moves to dismiss Plaintiff's breach of contract claim on the grounds

19  that the claim: (1) is time-barred; and (2) is based on the Oral Modifications that are

20  void under the statute of frauds.[2]

21            **a.    Statute of Limitations**

22       Defendant first moves to dismiss Plaintiff's breach of contract claim on the

23  ground that the claim is time-barred.   The Court previously determined that the two-

24  year statute of limitations for oral contracts, Cal. Civ. Proc. Code § 339(1), applies to

25

26       [2]In its reply, Defendant also argues for the first time that Plaintiff has not plausibly alleged that Defendant agreed to the Oral Modifications. (Dkt. No. 27 at 6-

27  9.) Courts generally decline to consider legal arguments raised for the first time in the reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  Since Defendant

28  raises this issue for the first time in its reply, which prevents Plaintiff from providing a response, the Court declines to consider it.

1    Plaintiff's breach of contract claim.  (Dkt. No. 19 at 9-10.)

2         As with the prior motion to dismiss, the parties dispute when the statute of

3    limitations began to run on Plaintiff's breach of contract claim.  Defendant asserts that

4    Plaintiff's claim accrued no later than July 2011, when Plaintiff's services under the

5    Oral Modifications were terminated.   (Dkt. No. 23-1 at 13-14.)    Alternatively,

6    Defendant contends that even if Plaintiff's claim did not accrue until he demanded

7    payment, Plaintiff's claim would still be time-barred because Plaintiff first invoiced

8    Defendant on September 12, 2011, with payment due within 30 days, by October 12,

9    2011. (*Id.* at 15-16.)  In contrast, Plaintiff asserts that the breach of contract claim did

10   not accrue until February 9, 2012, when Defendant refused to pay Plaintiff.  (Dkt. No.

11   26 at 7-9.)

12        The Ninth Circuit has held that "[a] claim may be dismissed under Rule 12(b)(6)

13   on the ground that it is barred by the applicable statute of limitations only when 'the

14   running of the statute is apparent on the face of the complaint.'"  *Von Saher v. Norton*

15   *Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh*

16   *v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).   In general, the statute

17   of limitations for a breach of contract claim commences on the date of breach.  *E.O.C.*

18   *Ord., Inc. v. Kovakovich*, 246 Cal. Rptr. 456 , 462 (Ct. App. 1988).

19        The Court previously declined to address Defendant's argument that Plaintiff's

20   claim accrued in July 2011, when Plaintiff's services under the Oral Modifications

21   were terminated, because Plaintiff did not allege this date in the FAC.  (Dkt. No. 19 at

22   11.)   Defendant contends that this issue can now be adjudicated because Plaintiff

23   alleges in paragraph 31 of the SAC that he was "directed . . . to stop work" on July 7,

24   2011.  (Dkt. No. 23-1 at 6 n.4.)  However, the SAC also alleges Defendant "assured

25   Plaintiff that he would be paid after submitting invoices," and that on July 7, 2011,

26   Defendant directed him to "submit invoices for all work performed." (SAC ¶¶ 28, 31.)

27   Viewing the alleged facts in the light most favorable to Plaintiff, he could not have

28   known in July 2011 that he would not be paid for his services since he was directed to

1  submit invoices. *See Amen v. Merced County Title Co.*, 375 P.2d 33, 36 (Cal. 1962)

2  (cause of action accrues when party knows or should have known of the claimed

3  injury); *Stafford v. Oil Tool Corp.*, 284 P.2d 937, 939 (Cal. Ct. App. 1955) ("Where a

4  demand is an integral part of a cause of action, the statute of limitations does not run

5  until demand is made. . . .  The general rule is that where demand is necessary to

6  perfect a right of action and no time therefor is specified in the contract, the demand

7  must be made within a reasonable time after it can lawfully be made.").

8      Defendant's alternative argument, that Plaintiff's claim would still be time-

9  barred because Plaintiff first invoiced Defendant on September 12, 2011, with payment

10  due within 30 days, by October 12, 2011, fails because the Court declined to take

11  judicial notice of the September 12, 2011 invoice, and Plaintiff did not allege this date

12  on the face of the SAC.  *See Von Saher*, 592 F.3d at 969.

13      Defendant unpersuasively contends that "Plaintiff has improperly cherry-picked

14  the facts, dates, and payment terms in a transparent attempt to obfuscate the accrual

15  date of his claims and avoid the plain running of the statute of limitations." (Dkt. No.

16  23-1 at 17.) Defendant relies on an Illinois case for the proposition that "Defendant has

17  a right to ascertain whether it has a valid statute of limitations defense to [Plaintiff's]

18  allegations." *Meyer v. United Airlines, Inc.*, 624 F. Supp. 2d 923, 932 (N.D. Ill. 2008).

19  However, unlike *Meyer*, Plaintiff explicitly alleges that the breach occurred on

20  February 9, 2012, when Defendant alleged for the first time that no money was owed

21  to Plaintiff. (SAC ¶ 33.)  This allegation must be taken as true and viewed in the light

22  most favorable to Plaintiff.

23      Therefore, at this stage of the proceedings, the Court cannot dismiss Plaintiff's

24  breach of contract claim as time-barred because the running of the statute of limitations

25  is not "apparent on the face of the complaint." *Von Saher*, 592 F.3d at 969.

26  Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's breach of

27  contract claim as time-barred.

28  *///*

### b. Statute of Frauds

Defendant also moves to dismiss Plaintiff's breach of contract claim on the ground that the Oral Modifications are barred by the statute of frauds. (Dkt. No. 23-1 at 18-20.)

The statute of frauds requires an agreement to be in writing "that by its terms is not to be performed within a year from the making thereof," including an oral agreement modifying a written contract.   Cal. Civ. Code §§ 1624(1), 1698(c). Defendant contends that the statute of frauds applies here because Plaintiff alleges that the Parties entered into an oral agreement for Plaintiff to perform four years of range monitoring in order to complete a five-year monitoring cycle, which by its terms could not be performed in one year. (Dkt. No. 23-1 at 18-19 (citing SAC ¶¶ 14, 26.).)

Plaintiff primarily argues that even if the Oral Modifications fall within the statute of frauds, they are not void, but merely voidable, and that the statute of frauds does not apply to his damage claims for work he has already performed. (Dkt. No. 26 at 12-14 (citing *Masin v. Drain*, 198 Cal. Rptr. 367, 369 (Ct. App. 1984) ("It is the general rule that a contract falling within the operation of the statute [of frauds], but made in contravention thereof, is not invalid in the sense that it is void.  It is merely voidable.  The statute is said to relate to the remedy only and not to affect the validity of the oral contract.")).)

"In California, . . . the doctrine of equitable estoppel can, in appropriate circumstances, prevent a party from asserting the Statute of Frauds." *In re Eastview Estates II*, 713 F.2d 443 (9th Cir. 1983) (citation omitted).  "Where a party to an oral contract has been induced by the other party to seriously change his position in reliance upon, or in the performance of, the contract, and would suffer an unconscionable injury if it were not enforced . . . the doctrine of estoppel will be invoked and the statute of frauds will not be available to perpetrate the fraud." *In re Destro*, 675 F.2d 1037, 1040 (9th Cir. 1982); *see also Monarco v. LoGreco*, 220 P.2d 737, 739 (Cal. 1950).

Defendant asserts that it is not equitably estopped from asserting the statute of

frauds defense based on Plaintiff's alleged partial performance because Plaintiff's alleged work was done without the knowledge and consent of Defendant. (Dkt. 27 at 13-14 (citing *Wolfsen v. Hathaway*, 198 P.2d 1, 7 (Cal. 1948), *overruled on other grounds by Flores v. Arroyo*, 364 P.2d 263 (Cal. 1961)).) However, Plaintiff alleges that his work under the Oral Modifications was done at the request of and with the full knowledge of Defendant. (SAC ¶¶ 14-20, 22, 24-27.) Moreover, viewing the facts in the light most favorable to Plaintiff, he alleges that he performed work in reliance upon the Oral Modifications, and that as a result he suffered at least $94,200 in damages. (*Id.* ¶ 34.)

Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's breach of contract claim as barred by the statute of frauds.

### 2. Common Counts

Defendant moves to dismiss Plaintiff's common counts claims for quantum meruit, accounts stated, and open book account on the ground that they are derivative of Plaintiff's breach of contract claim, which fails under the statute of limitations and statute of frauds. (Dkt. No. 23-1 at 21-24). Defendant also asserts that Plaintiff's common counts claims, like his breach of contract claim, are time-barred under a two-year statute of limitations. (*Id.*) In response, Plaintiff asserts that the common count claims are sufficient because he has adequately stated a claim for breach of contract which is not time-barred. (Dkt. No. 26 at 14.)

Under California law, "[a] common count is not a specific cause of action, however; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness." *McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 127 (Ct. App. 2004). The elements of a claim for common counts are: (1) the statement of indebtedness in a certain sum; (2) the consideration; and (3) nonpayment. *Farmers Ins. Exch. v. Zerin*, 61 Cal. Rptr. 2d 707, 715 (Ct. App. 1997). "A cause of action for money had and received is stated if it is alleged the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use

of the plaintiff." *Id.* (citation and internal quotations omitted). "California courts [have] held that when a common count is used as an alternative claim seeking the same recovery demanded in a specific cause of action based on the same facts, the common count may be dismissed if the cause of action is dismissed." *In re Apple In-App Purchase Litig.*, 855 F. Supp. 2d 1030, 1042 (N.D. Cal. 2012) (citing *McBride*, 20 Cal. Rptr. 3d at 127).

Here, Plaintiff alleges Defendant became "indebted to Plaintiff" for $94,200, the same amount as Plaintiff alleged he was damaged in the breach of contract claim; "[n]o part of that sum has been paid"; and the sum "is now due, owing and unpaid from Defendant to Plaintiff." (SAC ¶¶ 36, 38, 40-41.) Plaintiff seeks the same recovery for the common counts claims as he does for his breach of contract claim, which are based on the same facts. Because the Court does not dismiss Plaintiff's breach of contract claim, it also does not dismiss Plaintiff's common counts claims.[3] *See In re Apple*, 855 F. Supp. 2d at 1042. Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's claims for quantum meruit, accounts stated, and open book account.

## VI. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED:**

(1)    the Court **DENIES** Defendant's motion to dismiss the SAC. (Dkt. No. 23.)

(2)    Defendant shall have fourteen (14) days to file an answer to the SAC as provided for by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(a)(4)(A).

(3)    the Court hereby **VACATES** the hearing date set for this matter on November 21, 2014 at 1:30 p.m.

---

[3]Because it is not necessary to reach this issue, the Court does not resolve at this time whether a two-year or four-year statute of limitations applies to Plaintiff's third claim for account stated and fourth claim for open book account. (Dkt. No. 23-1 at 23-24.)

1

2  DATED:  November 10, 2014

3

4  HON. GONZALO P. CURIEL
   United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28